UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK MAHONEY,

    Plaintiff,                                   CASE NO.:

v.

CITY OF BRADENTON,
BRADENTON POLICE DEPARTMENT,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Patrick Mahoney ("Mahoney" or "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CITY OF BRADENTON, BRADENTON POLICE DEPARTMENT, and states:

## PRELIMINARY STATEMENT

1. This is an action at law against Defendant to redress the deprivation, under color of law, statute, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the United States Constitution codified at 42 U.S.C. § 1983, for deprivation of Plaintiff's First Amendment right to free speech on matters of public concern and Fourteenth Amendment protections against the deprivation of life, liberty or property without

due process. This action seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees.

2. Additionally, this is an action for damages, injunctive relief, attorneys' fees and costs pursuant to the Florida Public Whistleblower Act, § 112.3187, *Fla. Stat.* ("FWA").

## PARTIES, JURISDICTION, AND VENUE

3. At all times material hereto, Plaintiff, Patrick Mahoney, has been a resident of the State of Florida. He was employed by Defendant at all times pertinent hereto as a law enforcement officer and is *sui juris*.

4. At all times material hereto, Defendant, City of Bradenton, Bradenton Police Department ("BPD" or "Defendant"), has been organized and existing under the laws of the State of Florida, is a political subdivision of the State of Florida and/or the City of Bradenton, Florida, and was Plaintiff's "employer" at the time of the actions giving rise to the instant complaint, as that term is used under the applicable laws set forth above.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and 1367, and 42 U.S.C. §§ 1983 and 1988. The Court has original jurisdiction under 28 U.S.C. §1343(3).

6. Compensatory, declaratory, injunctive and equitable relief is sought pursuant to, *inter alia*, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

7. Costs and attorney's fees may be awarded pursuant to, *inter alia*, 42 U.S.C. § 1988 and/or the Florida Public Whistleblower Act.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because all of the actions upon which this case is based were committed and/or occurred within the Middle District of Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. All conditions precedent were satisfied prior to the filing of this Complaint.

## FACTS

10. Mr. Mahoney was hired by Defendant in March 2017 as a police officer.

11. Melanie Bevan has been the Chief of the Bradenton Police Department ("BPD") since 2016.

12. The BPD is comprised of three Divisions: Patrol Division, Patrol Support Division, and the Office of the Chief.

13. The Office of the Chief oversees the Office of Professional Standards ("OPS") which houses Internal Affairs ("IA"), the Training Unit, the Legal Unit, and the Accreditation Unit.

14. In early 2022, Mahoney began working in the Narcotics Division.

15. In February 2022, there was a survey done through the Florida Police Benevolent Association ("PBA"), the union for law enforcement members, about the administration and overall morale and practices at Defendant.

16. In June 2022, Mahoney was moved from Narcotics "SafeStreets" to the Patrol Division, he was told this would be a temporary move due to staffing issues.

17. In June 2022, the PBA published the results from the February survey at the Bradenton Police Department.

18. The PBA survey revealed that there were numerous issues occurring within Defendant, primarily involving Chief Bevan and command staff.

19. On or about June 28, 2022, Mahoney reported to the OPS that one of Defendant's officers was associating with known gang members. To date no IA has been conducted regarding this complaint.

20. On August 15, 2022, Mahoney, along with other officers, submitted a signed and sworn affidavit to the Mayor of Bradenton, Gene Brown, about unlawful activities that Chief Bevan was engaging in. *See Exhibit A*.

21. Mahoney's August 15, 2022 affidavit was protected speech, as Mahoney authored and signed the affidavit in his capacity as a private citizen – not as an employee of the government – which implicated matters of public concern, namely misfeasance, malfeasance, and/or gross mismanagement by Chief Bevan and others in command at the BPD.

22. Following Mahoney's protected activity, Defendant has taken every available opportunity to retaliate against him, including but not limited to, making Mahoney's "temporary" transfer to patrol permanent, reassigning Mahoney to a different patrol vehicle in significantly worse condition than his prior patrol vehicle, refusing to allow Mahoney to be considered for a detective position due to discipline, despite other officers who were disciplined being considered for the same promotion, being denied approval for overtime pay,[1] and being placed under investigation for alleged untruthfulness for those allegations contained in his August 15, 2022 affidavit.

23. Bevan has declared she will get vengeance against those who submitted affidavits against her to the Mayor, but that she "has to let time pass."

24. Most recently, Mahoney has been placed under an Internal Affairs investigation and on Administrative Leave, the sole basis of which is for the contents of the report he made to the Mayor in August 2022.

25. The actions of Defendant have forced Plaintiff to hire the undersigned law firms and pay it reasonable fees and costs, which he is entitled to recover pursuant to 42 U.S.C. § 1988.

---

[1] After challenging this issue, Mahoney was later able to get the overtime hours compensated.

26. Mahoney has no plain, adequate or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment unless it is enjoined by this Court.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully incorporated herein by reference.

28. During all times material hereto, Defendant acted under color and pretense of state law, under the color of statutes and customs of the State of Florida and the Statues, ordinances and customs of the State of Florida.

29. The City engaged in the illegal and unconstitutional conduct described herein and caused injury to Mahoney and deprived him of the rights, privileges and immunities secured to him by the First and Fourteenth Amendments to the United States Constitution and the laws of the United States of America and State of Florida.

30. The above-referenced actions deprived Mahoney of at least the following rights secured by the United States Constitution:

    a. The First Amendment protects a persons right not to be the subject of retaliation for public speech on matters of public concern;

    b. The First Amendment right to freedom of speech on matters of public concern, to wit: the Plaintiff's right to submit an affidavit available to the public regarding views on a matter fairly considered as

    relating to a matter of political, social or other concern to the community; and

  c.  The First Amendment right to freedom of speech on a matter of public concern. The issue of whether the Chief of Police is engaging in malfeasance, misfeasance, gross mismanagement, and/or illegal activity is clearly a matter of legitimate public concern.

31.  Defendant knew or should have known that its actions deprived Mahoney of his constitutional rights as set forth above.

32.  Defendant was, at minimum, reckless or deliberately indifferent to Mahoney's constitutional rights as set forth above.

33.  As a result of the unlawful and/or unreasonable and/or malicious attempt to punish Mahoney and the unlawful and/or malicious denial of his rights guaranteed to him by the laws of the United States and the State of Florida, Defendant denied Mahoney of his First and Fourteenth Amendment rights under the United States Constitution and 42 U.S.C. § 1983.

34.  The Defendant is liable pursuant to an established policy, custom or usage for, among other reasons:

  a.  Defendant, through the highest ranking available supervisory personnel, approved or, acquiesced to and/or condoned the First Amendment violations in general, thereby ratifying and approving the

wrongful acts of their officials;

b. Defendant failed, through knowing and/or reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of personnel and officials to refrain from unlawfully retaliating against employees for exercising their First Amendment rights; and

c. Defendant did not properly train their personnel despite actual knowledge of their deficiencies and/or through deliberate indifference to those deficiencies.

35. Defendant had the power to prevent or aid in preventing the commission of the aforementioned constitutional violations and could have done so by reasonable diligence; instead, the Defendant knowingly, recklessly and with deliberate and/or conscious indifference failed or refused to correct the constitutional violations and/or tacitly approved such wrongs.

36. As a direct and proximate result of the actions or omissions of the Defendant, Mahoney has suffered damages, including but not limited to embarrassment, humiliation, emotional distress, loss of earnings, injury to reputation, and loss of rights described herein. These damages have occurred in the past, are occurring at present and will continue to occur in the future.

## COUNT II
## VIOLATION OF PUBLIC WHISTLEBLOWER ACT

37.     Plaintiff repeats and realleges paragraphs 1 through 26 as though fully incorporated herein by reference.

38.     This is an action against Defendant under §112.3187 et seq.

39.     Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

40.     As stated more specifically, in part, above, Plaintiff reported and disclosed violations of rules, regulations and laws to a person who had the authority to investigate, police, manage and otherwise remedy the violations.  Plaintiff reported acts specifically outlined in §112.3187(5), et seq., Florida Statutes.

41.     After providing information, as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory action.

42.     Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons who disclose the types of information disclosed by Plaintiff.  Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes. Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee

9

within the terms and conditions of employment by an agency or independent contractor."

43.     After making the disclosures identified in part above, Plaintiff suffered an adverse employment action.

44.     Plaintiff maintains that the actions of all employees within Defendant who affected his employment adversely did so in retaliation against him for his "whistleblowing" activities.

45.     As a direct and proximate result of the actions taken against him by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, stress, embarrassment, emotional damages and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable count set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)   award Plaintiff interest and equitable relief; and

(g)   grant such other further relief as being just and proper under the circumstance.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 9th day of March, 2023,

/s/ Tiffany R. Cruz
Tiffany R. Cruz
Florida Bar No.: 090986
CRUZ LAW FIRM
411 N. Calhoun Street
Tallahassee, FL 32301
Telephone: (850) 702-8838
Tiffany@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com


Michelle A. Grantham
Florida Bar No.: 1010509
NAJMY THOMPSON, P.L.
1401 8th Avenue West
Bradenton, FL 34205
Telephone: (941) 748-2216
Facsimile: (941) 748-2218

MGrantham@najmythompson.com
lweaver@najmythompson.com
Trial Counsel for Plaintiff