UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK MAHONEY,

      Plaintiff,

v.                                                  Case No. 8:23-cv-534-MSS-AAS

CITY OF BRADENTON,

      Defendant.
_____/

## ORDER

Defendant City of Bradenton ("Bradenton") moves to strike multiple documents and two arguments from Plaintiff Patrick Mahoney's response (Docs. 57–59) to Bradenton's Motion for Summary Judgment (Doc. 54). (Doc. 62). Mr. Mahoney responds in opposition. (Doc. 67).

### I. BACKGROUND

Mr. Mahoney is a former police officer with the Bradenton Police Department. (Doc. 14, ¶ 10). In his Amended Complaint, he alleges Bradenton Police Chief Melanie Bevan and others employed by Bradenton retaliated against him after Mr. Mahoney submitted an affidavit to Bradenton Mayor Gene Brown detailing "unlawful activities that Chief Bevan was engaging in." (Doc. 14, ¶¶ 20, 24, 25). Mr. Mahoney brings causes of action against

1

Bradenton for violating 42 U.S.C. § 1983 and Florida's Whistleblower Act in terminating him in retaliation for his affidavit against Chief Bevan. (Doc. 14).

Bradenton challenges the following exhibits attached to Mr. Mahoney's response to Bradenton's motion for summary judgment: (1) a transcript of the June 15, 2022 Bradenton City Council meeting (Doc. 58-1); (2) a transcript of the August 24, 2022 Bradenton City Council Meeting (Doc. 58-2); (3) text messages between Bradenton Police Chief Melanie Bevan and City of North Port Police Chief Todd Garrison (Doc. 58-3); (4) Bradenton Police Department (BPD) Firearms Qualifications Report 202 (Doc. 58-5); (5) Equipment Issued Record for Chris Herron (Doc 58-6); (6) BPD Firearms Qualifications Report 2020 (Doc. 58-7); and (7) Florida Department of Law Enforcement (FDLE) Case No. 50532 (Doc. 58-10). (Doc. 62, p. 1). Bradenton also requests the court strike Mr. Mahoney's introduction of "new" comparator Ross Johnson and similarly strike the "new" claim of *Monell* liability in Mr. Mahoney's response to the motion for summary judgment. (*Id.* at pp. 9–18).

## II. ANALYSIS

Parties are required to provide full and timely disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are further required to supplement disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not

2

otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). If a party fails to comply with Fed. R. Civ. P. 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"A district court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless under Rule 37(c)(1)." *Bielawski v. Davis Roberts Boeller & Rife, P.A.*, No. 218CV758FTM29MRM, 2020 WL 2473397, at *3 (M.D. Fla. May 13, 2020) (citation omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009) (citation omitted). "When determining whether a failure was substantially justified or harmless, reviewing courts consider 'the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted.'" *Bielawski*, 2020 WL 2473397, at *3 (citing *Lips v. City of Hollywood*, 350 Fed. App'x 328, 340 (11th Cir. 2009)). When there is no prejudice to the party entitled to receive the disclosure, the failure to disclose is harmless. *See Cinclips, LLC v. Z Keepers, LLC*, No. 8:16-CV-1067-T-23JSS, 2017 WL 2869532, at *3 (M.D. Fla. July 5,

3

2017).

## A. Transcripts of City Council Meetings

Bradenton argues the June 15, 2022 and August 24, 2022 transcripts of the Bradenton City Council meetings (Docs. 58-1, 58-2) should be stricken, because Mr. Mahoney did not produce the transcripts during discovery. (Doc. 62, pp. 2–7). In Mr. Mahoney's first set of interrogatories, he requested Bradenton identify Bradenton City Council meetings where certain relevant topics were discussed. (Doc. 67-1, pp. 9, 11). Bradenton identified the June 15, 2022 and August 24, 2022 meeting dates. (Doc. 67-1, pp. 9, 12). In response to Interrogatory 12, Bradenton objected on grounds that the interrogatory was "unduly burdensome and improper as the information is equally available to Plaintiff on the City Council's publicly available website by review of City Council minutes and of the City Council meeting videos on the City of Bradenton Government Youtube channel." (Doc. 67-1, p. 9). Mr. Mahoney hired a transcriptionist to transcribe the Youtube videos "for the purpose of streamlining the Court's review of those meetings." (Doc. 67, p. 7). Mr. Mahoney admittedly did not produce the transcripts of Bradenton's Youtube videos.

Bradenton now argues the transcripts of Bradenton's Youtube videos, which Mr. Mahoney attached to his response to Bradenton's motion for

4

summary judgment (Docs. 58-1, 58-2), are prejudicial to Bradenton. (Doc. 62). The cases Bradenton cites analyze harm when parties failing to disclose relevant information had exclusive access to the information. *See WBY, Inc. v. DeKalb Cnty., Georgia*, 766 F. App'x 852, 862–863 (11th Cir. 2019); *Faulk v. Volunteers of Am.*, 444 F. App'x 316, 319 (11th Cir. 2011). That is not the case here. Bradenton cannot claim prejudicial harm from the contents of a Youtube video they posted, identified as responsive to Mr. Mahoney through discovery, and refused to either download or transcribe to produce to Mr. Mahoney because doing so would be "unduly burdensome." (Doc. 67-1, p. 9).

As Bradenton argues, "the whole purpose of Rule 26(a)(1) and (e)(1) is to prevent surprise evidence." (Doc. 62, p. 7). Bradenton should not have been surprised Mr. Mahoney used information Bradenton identified to him. The transcripts are harmless. *See Bolden v. Rushing*, No. 8:23-CV-531-SDM-LSG, 2025 WL 1827284, at *3 (M.D. Fla. July 1, 2025) ("Because the documents are public records within the defendant's control, this diminishes the argument that their use at trial is harmful."). Accordingly, Bradenton's argument that the transcripts should be stricken because they were not produced in discovery fails.

### B. Authentication and Foundation of Documents

Bradenton argues four exhibits (Docs. 58-1, 58-2, 58-3, 58-10) were not

5

properly authenticated. (Doc. 62, pp. 7, 8). Mr. Mahoney points out the 2010 amendments to Fed. R. Civ. P. 56 removed the requirement for documents relied on in summary judgment to be authenticated. (Doc. 67, p. 7). "[A]uthentication of documents no longer is required at the summary judgment stage." *Patterson v. City of Melbourne*, 669 F. Supp. 3d 1204, 1217 (M.D. Fla. 2023) (quoting *Higgens v. Trident Asset Mgmt., LLC*, No. 16-24035-Civ-Scola, 2017 WL 7796085, at *2 (S.D. Fla. July 21, 2017)). Instead, "the inquiry is whether the exhibit can be submitted in a form that will be admissible in evidence." *Sanders v. Benjamin Moore & Co.*, No. 4:11-CV-0397-JEO, 2015 WL 1489855, * at 38 (N.D. Ala. Mar. 31, 2015) (quotation omitted). "[T]he objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Abbott v. Elwood Staffing Servs., Inc.*, 44 F. Supp. 3d 1125, 1134 (N.D. Ala. 2014).

Bradenton, focusing on the authentication, failed to object to the admissibility of the four exhibits, as contemplated by Fed. R. Civ. P. 56(c)(2). Mr. Mahoney nonetheless explains how each contested exhibit could be admissible at trial. (Doc. 67, pp. 8, 9). The transcripts (Docs. 58-1, 58-2) and the FDLE records (Doc. 58-10) could be admissible as public records or as admissions of a party opponent. The text messages (Doc. 58-3) could be testified to at trial. At the summary judgment stage, the threshold to show that

6

evidence can be reduced to admissible form is low. *See Patterson*, 699 F. Supp. 3d at 1217. Bradenton's argument that the four exhibits should be stricken for lack of authentication fails.

Bradenton also argues seven exhibits (Docs. 58-1, 58-2, 58-4, 58-5, 58-6, 58-7, 58-10) lack a foundation. (Doc. 62, pp. 8, 9). Mr. Mahoney responds that the exhibits are public records, which fall under the public records exception of Fed. R. Evid. 803(8) and do not require a foundation. (Doc. 67, pp. 9, 10). Fed. R. Evid. 803 allows for certain exceptions to the hearsay rule. Specifically, Fed. R. Evid. 803(8) outlines the public records exception. A public record is admissible when it is "[a] record or statement of a public office that sets out factual findings from a legally authorized investigation, and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1297 (11th Cir. 2022) (citing Fed. R. Evid. 803(8)) (quotations omitted). Public records are a type of document "that does not require a foundation." *Id.* (quoting *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997)).

Three of the challenged exhibits are Bradenton's employment records for a specific individual (Docs. 58-5, 58-6, 58-7), two are transcripts made from official Bradenton City Council meetings (Docs. 58-1, 58-2), one is a

compilation of FDLE records (Doc. 58-10), and one is a deposition of a Bradenton employee (Doc. 58-4). At the summary judgment stage, Mr. Mahoney has met the low threshold for establishing admissibility of the exhibits. The last exhibit Bradenton challenges is the deposition of Brenda Lovett, where counsel for Bradenton was present. (Doc. 58-4). The undersigned assumes Bradenton mistakenly included this exhibit. There would be no merit to an argument that the transcript of the deposition at Doc. 58-4 lacks foundation.

The undersigned finds Mr. Mahoney appropriately rebuts Bradenton's challenges to the admissibility of the exhibits. However, if this case continues to trial, Mr. Mahoney may again need to address authentication and foundation as required by the trial judge.

### C. "New Comparator" Ross Johnson

Bradenton argues Mr. Mahoney attempts to assert a new comparator, Ross Johnson, in his response to the motion for summary judgment. (Doc. 62, p. 9). Bradenton's argument is not that Mr. Johnson is mentioned for the first time in Mr. Mahoney's response. (Doc. 62, p. 13). Bradenton admits Mr. Mahoney's theories regarding Mr. Johnson stem from documents Bradenton provided to Mr. Mahoney. (*Id.*). Instead, Bradenton argues Mr. Mahoney should have supplemented an interrogatory response that listed similarly

situated individuals who Mr. Mahoney believed were treated differently than him. (Doc. 62, pp. 9–11).

Mr. Mahoney explains he did not mention Mr. Johnson in his response to the summary judgment motion to establish him as a comparator and further argues he does not need comparators to prove his claims. (Doc. 67, pp. 10–13). Mr. Mahoney distinguishes the individuals listed in his interrogatory response from Mr. Johnson. Mr. Mahoney included facts pertaining to Mr. Johnson for the rebuttal purposes of demonstrating inconsistencies in Bradenton's proffered reason for Mr. Mahoney's termination, not to prove any claims in his amended complaint. (*Id.*). Mr. Mahoney avers he is not attempting to add Mr. Johnson as a comparator. As such, there is no reason to strike any mention of Mr. Johnson from Mr. Mahoney's response to Bradenton's motion for summary judgment.

### D. "New" Claim of *Monell* Liability

Bradenton argues Mr. Mahoney attempts to add a new claim for *Monell* liability through his response to Bradenton's motion for summary judgment. (Doc. 62, pp. 13–20). In the amended complaint, Mr. Mahoney alleges Mayor Gene Brown was involved in the investigations against Chief Bevan. (Doc 14, pp. 4). After Bradenton filed a motion for a protective order to stop Mr. Mahoney from deposing the mayor, Mr. Mahoney responded with numerous

9

allegations regarding the mayor's first-hand involvement with the "City's pro-Bevan policy." (Doc. 41). Although the court granted the protective order, Mr. Mahoney's position on the issue was clear. (Doc. 42). Also in discovery, Mr. Mahoney stated the mayor and Bradenton had oversight and direction over Chief Bevan's allegedly harmful actions. (Doc. 53-1, pp. 12–13).

The docket shows Mr. Mahoney has long attempted to develop facts for a singular claim of *Monell* liability against Mayor Brown. This is not a new argument. Bradenton's contention that Mr. Mahoney's claim of *Monell* liability against the mayor is weak is an issue for summary judgment or trial, not a basis for granting a motion to strike. Accordingly, striking any mention of the mayor in Mr. Mahoney's response to Bradenton's motion for summary judgment is not warranted.

### III.  CONCLUSION

Bradenton's Motion to Strike is **DENIED**.

**ORDERED** in Tampa, Florida on August 1, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge